IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE GAINES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 20-361** |
| | : | |
| **RICHARD MARSH,** *et al.* | : | |

## ORDER

**AND NOW**, this 24th day of March 2021, upon considering the Petition for writ of habeas corpus and attachment (ECF Doc. Nos. 1, 7), Petitioner's counseled supplemental Petition (ECF Doc. No. 17), Commonwealth's Opposition (ECF Doc. No. 24), Petitioner's counseled Reply (ECF Doc. No. 29), following an evidentiary hearing and post-hearing memoranda (ECF Doc. Nos. 45, 46), finding it cannot be definitively determined from the trial record of the Petitioner not being prejudiced by his attorney's failure to request the no-adverse inference jury instruction at the charging conference and after the charge especially when he asked for it twice during trial and then chose to not pursue the instruction without consulting the Petitioner and Petitioner's post-conviction counsel's failure to properly raise this ineffectiveness claim in the state court, we find Petitioner's claim of ineffectiveness based solely on his trial counsel's failure to seek this instruction and his post-conviction counsel's failure to raise this issue in state court should be granted and he be afforded a new trial in the state court as the ineffectiveness affected all charged crimes during the jury instruction and the retrial should be to all counts for which the jury originally considered, and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. We **GRANT** the Petition for writ of habeas corpus (ECF Doc. Nos. 1, 7) as to the Petitioner's claim of trial and Post Conviction Relief Act counsel being ineffective in trial counsel failing to request the "no adverse inference" jury instruction twice offered by the trial court upon

Petitioner's counselled decision following colloquy not to testify in his defense and the Post Conviction Relief Act counsel's being ineffective in not timely seeking this relief in state court;

2. We **STAY** the writ of execution to **October 25, 2021** to allow the Commonwealth to commence a new trial on all counts of conviction as all counts need to be retried given the defective and prejudicial error by counsel compromised all counts of conviction and if the Commonwealth does not commence trial before **October 25, 2021**, the writ of habeas corpus shall issue and the Commonwealth shall then forthwith vacate the Petitioner's conviction without prejudice to the Commonwealth's right to retry the Petitioner;

3. We **DENY** and **DISMISS** Petitioner's remaining claims and deny a certificate of appealability on Petitioner's remaining claims as he has not made a substantial showing of reasonable jurists finding our assessment of the constitutional claims are wrong; and,

4. The Clerk of Court shall **close** this case.

_____
KEARNEY, J.